STATE OF MAINE
*vs.*
DONALD M. STAIRS

Aroostook.    Opinion, July 13, 1948.

*James P. Archibald, County Attorney*
  *for Aroostook County,* for State of Maine.

*Donald W. Sweeney,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.

THAXTER, J.   On August 31, 1947, Lloyd Lathrop, a boy eleven years old, while walking with his cousin, Eugene Tilley, westerly toward Washburn on the Washburn-Presque Isle Road, so-called, was struck by a truck proceeding easterly, and suffered injuries from which he died five days later. The boys were walking on their left side of the road. The Lathrop boy was on the gravel shoulder. The truck

approached them travelling on its right side of the highway. The Lathrop boy was ahead, the Tilley boy just behind him. It was shortly after eight o'clock and was getting dark. Both boys were hit either by some portion of the truck or by something protruding from it. These facts are not in dispute.

The respondent, who the state claims was the operator of the truck, was tried before a jury and found guilty of manslaughter. He filed a motion for a new trial before the presiding justice which was denied, and from such ruling he has appealed.

The evidence was circumstantial. The Tilley boy testified that there were three red lights over the cab of the truck, that the exhaust was making a great deal of noise, and that as the car came abreast of them something hit both him and his cousin. The truck passed on without stopping. The boys were picked up and an intensive search was made for the vehicle. A truck was found about midnight by police officers in a parking area near the home of the respondent, who, on being questioned by them, admitted that it was his, that he had been operating it on the road from Washburn to Presque Isle, and that he arrived home about eight o'clock. Allowing for some slight discrepancy in time, this could have placed him at the scene of the accident when it happened. He denied seeing the boys or having any knowledge of any untoward occurrence on the way home. His truck had three red lights over the cab. The muffler was broken and when the car was operated there was a great deal of noise. But there was more significant evidence as to the identity of the truck and as to what caused the accident. The truck when found had sideboards approximately four feet high. The left one was standing but canted in toward the center. The right one was lying down diagonally across the truck with some of the boards broken and scattered and a part of it toward the rear was extending out sideways beyond the truck. It was afterwards established that this extended out on the right side beyond the truck four feet

and two inches and there was extending out one foot two inches on the left side another piece of one of the sideboards. The total width of the truck and the broken pieces of the boards was thirteen feet two inches. On the board extending from the right were found human bloodstains, human hair, and human skin. Boards were found on the bridge east of the place of the accident, the splintered end of one exactly fitting into the splintered end of a broken sideboard of the truck. It also appeared that just westerly of the spot where the boys were hit the bushes beside the road had been broken down.

Also in evidence was the fact, admitted by the respondent, that earlier in the day he had been drinking beer and his blood from a sample taken at midnight showed an alcoholic content of .071%, and his urine, .116%. The content in the urine indicated according to the expert testimony that at some time prior the alcoholic content of the blood must have been as great as that of the urine.

The jury were instructed with great clarity and accuracy on the subject of involuntary manslaughter. The weight to be given circumstantial evidence was fully explained. There was called to their attention the statute relating to driving a motor vehicle while under the influence of intoxicating liquor, and the statute prohibiting the operation on a highway of a motor vehicle which with its load exceeds a certain width. And the jury were explicitly admonished that the violation of either statute would not render the respondent guilty of manslaughter unless such violation was the proximate cause of the accident.

There was in this case ample evidence from which the jury could have found beyond a reasonable doubt that this respondent drove his truck over this highway, that a board projecting from the right side struck the Lathrop boy and that his death resulted from the injuries then suffered and that such death occurred because of a violation by the re-

spondent of R. S. 1944, Chap. 19, Sec. 85, limiting the width of motor vehicles operated on a highway. The verdict was fully justified. It is not necessary to discuss whether it can be justified on any other ground.

*Motion overruled.*
*Judgment for the state.*